## PILLSBURY FLOUR MILLS COMPANY v. HARRY PITTLEKOW.[1]

January 20, 1922.

No. 22,728.

**Breach of contract of sale of flour.**

Judgment in favor of plaintiff sufficiently sustained by evidence. [Reporter.]

Action in the municipal court of St. Paul to recover $68.50 for breach of contract for the sale of flour. The case was tried before Boerner, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Edw. A. Cooper,* for appellant.

*Henderson & DeCourcy,* for respondent.

PER CURIAM.

On May 4, 1920, plaintiff and defendant entered into a written agreement whereby plaintiff agreed to sell and defendant agreed to purchase from the plaintiff 10 barrels of flour at the agreed price of $15.60 per barrel, to be delivered, with sight draft and bill of lading attached, unless otherwise ordered, within 30 days from the date of sale, defendant to furnish shipping instructions. No further shipping instructions were furnished. On November 22 plaintiff offered to deliver the flour and defendant refused to receive the same. The price had dropped to $9 per barrel in the meantime. On November 30 plaintiff served upon defendant a written cancelation of the contract of sale, and subsequently brought this action to recover the difference in the price of the flour as damages for the breach of contract. A trial was had in the municipal court of the city of St. Paul, where plaintiff recovered judgment against the defendant in the sum of $68.50 and costs. From such judgment defendant appeals.

Appellant alleges but two assignments of error: (1) That the court erred in receiving oral testimony regarding the shipping instructions and explanations regarding the contract; (2) that the judgment is not sustained by the evidence.

Upon the trial oral testimony was offered to the effect that no shipping instructions were furnished to the plaintiff; that the flour was not delivered;

[1] Reported in 186 N. W. 687.

that on November 22 respondent offered to deliver the flour which appellant refused to receive; that thereafter a written cancelation of the contract of sale was served. The contract provides that if the buyer fails to give shipping instructions or to make package assortments, or refuses to accept any delivery as specified, the seller may, at its option and without notice, cancel the contract, and the buyer shall then pay the seller on demand any loss on account of a change in the price of flour, if any. We find no testimony in the record tending to vary the terms of the contract as contended for by appellant. There is but little conflict in the evidence and we think it sufficiently sustains the judgment. No statutory costs will be allowed.

Affirmed.